CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/7/2018
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| MONICA SMITH<br>ON BEHALF OF<br>J.T., JR., A MINOR CHILD,<br>         *Plaintiff*,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br>         *Defendant*. | CASE NO. 6:17-cv-00031<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross-motions for summary judgment, (dkts. 18 and 20), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou, (dkt. 24, hereinafter "R&R"), and Plaintiff's objections to the R&R (dkt. 25). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou's R&R advises this Court to deny Plaintiff's motion for summary judgment and grant the Commissioner's motion for summary judgment. Plaintiff filed timely objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because Plaintiff's objections lack merit, I will adopt the R&R in full.

**I. Standard of Review**

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of evidence. *Mastro*

*v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the reviewing court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## II. Factual Background and Procedural Posture

Plaintiff does not object to the R&R's recitation of the factual background and claim history in this case. Therefore, I incorporate that portion of the R&R into this opinion. *See* R&R at 2–4. In April 2013, Plaintiff Monica Smith, acting solely on behalf of her minor child, J.T., Jr. (or "the child"), applied for Supplemental Security Income ("SSI") under the Social Security Act. Shortly before applying for benefits, the child began suffering from asthma and attention deficit-hyperactivity disorder ("ADHD"). While Plaintiff asserted these conditions constituted a disability, the state agency denied Plaintiff's application at the initial and reconsideration levels of administrative review. In January 2016, Administrative Law Judge William Barto ("ALJ")

held a hearing to adjudicate the child's disability claim. At the hearing, the child was represented by counsel and his mother testified regarding his alleged disability.

The ALJ conducts a three-step analysis to determine whether a minor is disabled and entitled to receive SSI benefits. 20 C.F.R § 416.924. Step one requires the ALJ to determine whether the claimant is engaged in substantially gainful activity. *Id.* at § 416.924(a), (b). If the minor is engaged in such activity, then he is not disabled and benefits are denied. *Id.* at § 416.924(b). If the minor is not engaged in such activity, then the analysis continues. *Id.* at § 416.924(a). Here, the ALJ found the child was not engaged in any substantially gainful activity and continued to the second step in the analysis. R. at 25.

Step two requires the ALJ to determine whether the claimant suffers from an impairment, or a combination of impairments, that is "severe." *Id.* at § 416.924(a), (c). If the impairment is not severe, the minor is not disabled and benefits are denied. *Id.* at § 416.924(c). However, if the minor has a severe impairment, the analysis turns to the final step. *Id.* at § 416.924(a). Here, the ALJ found that the child has a "severe" impairment, ADHD, and advanced to the final step in the analysis. R. at 25.

Step three requires the ALJ to determine whether the claimant's impairment, or combination of impairments, "meet[s], medically equal[s], or functionally equal[s] the listings." *Id.* at § 416.924(a), (d). If the minor does not have a severe impairment that is, at the very least, "functionally equal" to a listed condition in the regulations, then he will be denied benefits. 20 C.F.R. § 416.926a(a). The "functionally equal" determination requires the ALJ to consider six "domains of functioning," or "broad areas of functioning intended to capture all of what a child can and cannot do."[1] 20 C.F.R. § 416.926a(b)(1). In considering the domains, the ALJ must find

---

[1] The six domains are: "(i) Acquiring and using information; (ii) Attending and completing

3

the impairment is "of listing-level severity; *i.e.*, it must result in *'marked' limitations* in two domains of functioning . . . ." 20 C.F.R. § 416.926a(a) (emphasis added). A minor has a "marked limitation" in a domain when an "impairment(s) interferes seriously with [his] ability to independently initiate, sustain, or complete activities." *Id.* at § 416.926a(e)(2). A "marked limitation" is "a limitation that is 'more than moderate' but 'less than severe.'" *Id.* In sum, to receive benefits the minor must have a marked limitation in two domains to constitute a severe impairment that is functionally equal to a listing.

Here, the ALJ concluded the child did not suffer from one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and thus was ineligible for SSI benefits. The ALJ reasoned through the relevant "domains," and concluded that the child's impairment was not "functionally equal" to a listed condition. Specifically, and relevant here, the ALJ concluded that the child had "less than marked impairments" in the domains of "acquiring and using information" and "attending and completing tasks." R. at 33–35.

Plaintiff now makes three objections to the R&R, arguing Judge Ballou erred in finding the ALJ: (1) properly concluded the child had less than a marked limitation in the domain of acquiring and using information based on substantial evidence; (2) properly concluded the child had less than a marked limitation in the domain of attending and completing tasks based on substantial evidence; and (3) made a proper determination regarding the Plaintiff's credibility.

---

tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1). When an ALJ considers these domains, he or she looks to the information in the case record about how the minor's functioning is affected during all of his activities. 20 C.F.R. § 416.926a(b).

4

## III. Analysis

### A. The Acquiring and Using Information Domain

In the "acquiring and using information" domain, the Commissioner considers how well the child acquires or learns information, and how well the child uses the information that he has learned. 20 C.F.R. § 416.926a(g). Such a child "should be able to learn to read, write, and do math, and discuss history and science." *Id.* § 416.926a(g)(2)(iv). Here, the ALJ determined the child had a "less than marked limitation" in this domain. Judge Ballou agreed. R&R at 8. Plaintiff objects and now contends the determination was not based upon substantial evidence. (Dkt. 25 at ECF 1). In support, Plaintiff argues the child's third grade teacher remarked on a teacher questionnaire that the child had "a serious problem providing organized oral explanations," in addition to the fact that he was performing at a second grade level in reading, math, and written language. *Id.* at ECF 2.

Plaintiff's arguments fail for two reasons. First, Plaintiff's citation to this lone report of a "serious problem" lacks context. R. at 266. By way of overview, the cited questionnaire first asks teachers to rate a student's overall problem in a given domain on a scale from one to five.[2] The questionnaire then asks the teacher to rate ten subcategories of conduct within that domain using the same one to five scale.[3] Here, the child's third grade teacher rated him a four-out-of-five, or as having a "serious problem," in the single subcategory of "providing organized explanations and adequate descriptions." *Id.* All other subcategories were rated either a two or three-out-of-

---

[2] The scale is interpreted as follows: one indicates "no problem"; two indicates "a slight problem"; three indicates "an obvious problem"; four indicates a "serious problem"; and five indicates "a very serious problem." R. at 266.

[3] Examples of subcategories for the "Acquiring and Using Information" domain include: comprehending oral instructions, understanding school and content vocabulary, learning new material, and providing organized oral explanations and adequate descriptions, among others.

five. *Id.* The lone four-out-of-five rating by the child's third grade teacher was the highest rating in any subcategory by any teacher. Judge Ballou also recognized the isolated nature of this rating. R&R at 8 n.8. Further, Plaintiff omits that the same third grade teacher rated the child a two-out-of-five *overall*—or as having a "slight problem"—in the domain of acquiring and using information. *Id.* In fact, none of the teachers surveyed rated the child above a two-out-of-five overall. That is to say, the child had, at most, "a slight problem" functioning in the domain—not an "obvious," "serious," or "very serious" problem. *Id.* Simply stated, Plaintiff's pointing to one rating in one subcategory by one teacher does not demonstrate the child had a "severe" problem with acquiring and using information. 20 C.F.R. § 416.926a(e)(2).

Second, while the child was performing at a second grade level in some areas, he did not have an individualized education plan ("IEP"), and was not receiving special education services, which if he did would indicate a marked limitation. Plaintiff argues both the ALJ and the R&R erred in stating the child did not have an IEP, when he was about to receive one. (Dkt. 25 at ECF 2). However, both the ALJ and R&R correctly recognized that there was no IEP in the record, which is fatal to Plaintiff's argument. *Smith v. Chater*, 99 F.3d 635, 638 n.5 (4th Cir. 1996) ("[I]n determining whether the ALJ's decision is supported by substantial evidence, a district court cannot consider evidence which was not presented to the ALJ.").

The two isolated facts raised by Plaintiff do not undermine the substantial evidence supporting the ALJ's determination. Accordingly, Plaintiff's objection regarding the acquiring and using information domain will be overruled.

**B.     The Attending and Completing Tasks Domain**

In the "attending and completing tasks" domain, the Commissioner considers how well the child is "able to focus and maintain [his] attention, and how well [he] begin[s], carr[ies]

through, and finish[es] [his] activities, including the pace at which [he] perform[s] activities and the ease with which [he] change[s] them." 20 C.F.R. § 416.926a(h). Such a child "should be able to focus [his] attention in a variety of situations in order to follow directions, remember and organize [his] school materials, and complete classroom and homework assignments." *Id.* at § 416.926a(h)(2)(iv). Plaintiff contends Judge Ballou erred by ignoring "the evidence of record documenting J.T., Jr.'s obvious problems focusing long enough to complete tasks." (Dkt. 25 at ECF 3). Further, Plaintiff argues Judge Ballou erred by failing to address the ALJ's lack of explanation for "giving partial weight to the state agency physician's conclusion at the initial application level that J.T., Jr. has a marked limitation in this domain." *Id.*

Here, similar to the acquiring and using information domain, none of the child's teachers stated he had a "serious" or "very serious" problem in the domain of attending and completing tasks. Contrary to Plaintiff's assertion, the ALJ did not ignore the evidence of the child's issues with focusing, and even stated "the evidence *does* support a finding that [the child] has some limitations in this domain due to diagnosis of ADHD." R. at 33 (emphasis added); R&R at 9. However, the ALJ found the minor's success while using medication and his encouraging performance at school warranted a finding of less than a marked limitation in the domain. *Id.*

As to the ALJ's giving "partial weight" to the state physician's evaluation, Judge Ballou stated in contrast to the state physician's evaluation: "the record generally indicates that [the child] has no serious problems in the domain of attending and completing tasks." R&R at 10. This conclusion is based on, among other evidence in the administrative record, the child's successful performance levels, the on time completion of class work and home work, and participation in class activities as evidence in support. *Id.* In sum, the ALJ did not ignore evidence or fail to support his conclusion with substantial evidence.

7

However, even if there was an error in ALJ's reasoning, such an error would be harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing the "general case law governing application of the harmless-error standard" applies in the administrative law context).[4] Here, there is no other domain in which Plaintiff has a marked limitation. *See* 20 C.F.R. § 416.926a(a) ("[T]he impairment(s) . . . must result in 'marked' limitations in *two* domains of functioning . . . ." (emphasis added)). Thus, even if the ALJ had considered the allegedly "ignored" evidence, given full weight to the state physician's conclusion, and found a marked limitation in the domain, the child would still not be eligible for benefits.

Accordingly, Plaintiff's objections regarding the attending and completing tasks domain will be overruled.

---

[4] *But see Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) (finding harmless error inappropriate when the administrative record is insufficient). In *Patterson*, the Fourth Circuit declined to use the harmless error doctrine to uphold an ALJ's decision denying benefits. The court reasoned that the ALJ's failure to document or explain his findings in accordance with the regulations implicated "the validity of so many of the ALJ's conclusions," such that it could not affirm. *Id.* at 662–63. The court recognized that "[a]lthough such error may be harmless error in some cases, this [was] not one of them." *Id.* at 662.

Here, Plaintiff argues the ALJ should have reached a different conclusion, not that the record was insufficient or that the ALJ failed to make a particular finding required by the regulations. Indeed, the ALJ agreed to a lesser extent with Plaintiff, when he stated "the evidence *does* support a finding that [the child] has some limitations in this domain due to diagnosis of ADHD." R. at 33 (emphasis added). That the ALJ did not find this fact more persuasive goes to his legal conclusion, not his factual explanation. Accordingly, the use of the harmless error doctrine is appropriate in this case.

## C. Plaintiff's Credibility[5]

Lastly, Plaintiff objects to Judge Ballou's conclusion that substantial evidence supported the ALJ's credibility determination. (Dkt. 25 at ECF 3). Plaintiff argues the ALJ "did not make any specific findings concerning the credibility of [the child's] mother as required under" *Dew ex rel. K.W. v. Colvin*, No. 4:12-CV-129, 2013 WL 4523617, at *8 (E.D.N.C. Aug. 27, 2013) ("Nonetheless, plaintiff's argument suggests a deficiency that she does not raise explicitly—the failure of the ALJ to make findings regarding the credibility of plaintiff. Such findings are required."). (Dkt. 25 at ECF 3).

Having "had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning [credibility determinations] are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Indeed, "[w]hen factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent exceptional circumstances." *Eldeco, Inc. v. N.L.R.B.*, 132 F.3d 1007, 1011 (4th Cir. 1997) (quotation omitted); *see also Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 68 (4th Cir. 2014). Contrary to Plaintiff's contention, Judge Ballou dedicated several pages to addressing whether the ALJ erred in his credibility determination. R&R at 10–13. In so doing, Judge Ballou recognized the ALJ found Plaintiff not credible based upon the substantial evidence in the administrative record as a whole. R&R at 13. The ALJ thoroughly considered the child's

---

[5] The parties and Judge Ballou recognize that "credibility" is no longer the appropriate terminology under the Social Security Administration's current rules. *See Titles II & XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3P (S.S.A. Mar. 16, 2016) (effective March 28, 2016). The instant case pre-dated this change in terminology, and thus this opinion addresses the issue in those terms for the sake of consistency. Notwithstanding this fact, I agree with Judge Ballou that the shift in terminology is not seismic, and the current analysis does not differ greatly from the former. "Under either [SSR 16-3 or SSR 16-3P], the ALJ is required to consider J.T., Jr.'s (or his mother's) report of his own symptoms against the backdrop of the entire case record; in SSR 16-3, this resulted in a 'credibility' analysis, in SSR 16-3[P], this allows the adjudicator to evaluate 'consistency.'" R&R at 10.

academic improvement, progress on medication, and transition to a "higher group" in school. R. 26–27, 29. In essence, Plaintiff asks the Court to reweigh the evidence and make a new credibility determination. This would be inappropriate. *See Craig*, 76 F.3d at 589. Simply put, the ALJ made specific findings regarding the issue of Plaintiff's credibility.

Accordingly, this objection will be overruled.

### IV. Conclusion

Judge Ballou correctly concluded that the ALJ's findings were supported by substantial evidence, and thus each objection will be overruled for the reasons discussed above. Accordingly, I will adopt the R&R in full. Defendant's motion for summary judgment will be granted, while Plaintiff's motion for summary judgment will be denied.

The Clerk of the Court will be directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record and United States Magistrate Judge Robert S. Ballou.

Entered this 7th day of August, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE